UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIXZYN, INC., | No. 2:25-cv-01201-DJC-SCR |
| Plaintiff, | |
| v. | ORDER |
| LESA LAATZ, et al., | |
| Defendants. | |

Plaintiff FIXZYN, Inc., brought this unlawful detainer action against Defendant Lesa Laatz under California state law on February 20, 2025. On April 25, 2025, Defendant filed a Notice of Removal in federal court, seeking to remove the action from the Superior Court of California, County of Sacramento (Not. of Removal (ECF No. 1).) Defendant also filed a motion to proceed in forma pauperis. (ECF No. 2).

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and

the burden of establishing the contrary rests upon the party asserting jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The strong presumption against removal jurisdiction means that "the court resolves all ambiguity in favor of remand to state court." *Id*. That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (quoting *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999)). Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Id.* (quoting *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 841 (1989)). Accordingly, "a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim or that a defense or counterclaim would arise under federal law.").

////

////

////

1   Here, Defendant has not shown that removal of this action to federal court is
2   appropriate.  To the extent that Defendant suggests that a federal question exists,
3   Plaintiff brings a single, straightforward unlawful detainer claim against Defendant,
4   which is purely a matter of state law.  *See e.g., Wells Fargo Bank NA v. Zimmerman,*
5   No. 2:15-cv-08268-CAS-RWX, 2015 WL 6948576, at *3 (C.D. Cal. Nov. 10, 2015)
6   (collecting cases in which courts remanded the matter back to state court where the
7   only claim was an unlawful detainer action).  Defendant's argument that her Answer
8   raises federal claims is not sufficient to support federal question jurisdiction because
9   "a case may not be removed to federal court on the basis of a federal defense."
10  *Caterpillar,* 482 U.S. at 393.  Defendant cites to the Protecting Tenants and
11  Foreclosure Act, but courts considering the issue have "held that the [PTFA] provides
12  at most a federal counterclaim or defense; it does not transform a state unlawful
13  detainer claim into a federal cause of action.'"  *Ngyuen v. Tavares,* No. 3:24-cv-04128-
14  VKD, 2024 WL 3640626, at *2 (N.D. Cal. Jul. 15, 2024), *report and recommendation*
15  *adopted,* No. 3:24-cv-04128-MMC, 2024 WL 3647901 (N.D. Cal. Jul. 30, 2024)
16  (collecting cases).  Defendant also cannot invoke a potential defense to the unlawful
17  detainer action sounding in a civil rights claim based on racial discrimination to
18  establish federal question jurisdiction.  *See Caterpillar* 482 U.S. at 392; *Wayne v. DHL*
19  *Worldwide Express,* 294 F.3d 1179,1183 (9th Cir. 2002).
20  Defendant explicitly seeks removal on the basis of 28 U.S.C. § 1443(1),
21  asserting that civil rights removal is appropriate due to alleged constitutional and
22  federal statutory violations.  (Not. of Removal at 3.)  Section 1443(1) provides for
23  removal of civil or criminal cases "[a]gainst any person who is denied or cannot
24  enforce in the courts of such State a right under any law providing for the equal civil
25  rights of citizens of the United States, or of all persons within the jurisdiction
26  thereof . . . ."  To invoke removal under this section, a defendant must show "[1] rights
27  that are given to them by explicit statutory enactment protecting equal racial civil
28  rights" and "[2] that the state courts will not enforce that right . . . ."  *Patel v. Del Taco,*

1  *Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006) (internal citations and quotation marks
2  removed), *abrogated on other grounds by BP P.L.C. v. Mayor & City Council of*
3  *Baltimore*, 593 U.S. 230 (2021).  The second step "must be supported by reference to
4  a state statute or a constitutional provision that purports to command the state courts
5  to ignore the federal rights." *Id.* at 999.
6        Here, Defendant fails to support both requirements for removal under Section
7  1443(1).  Defendant has not identified a specific statute protecting equal racial civil
8  rights.  "[T]he PTFA is not a statute intended to protect against racial discrimination."
9  *Huntington Oaks Village Partnership L.P. v. Birosak,* No. 2:21-cv-07538-SVW, 2021 WL
10 4317972, at *3 (C.D. Cal. Sept. 22, 2021) (citation omitted).  Moreover, Defendant has
11 also not identified a statute or constitutional provision that commands state courts to
12 ignore equal racial civil rights.  Remand to the Sacramento Superior Court is therefore
13 appropriate and mandatory.  28 U.S.C. § 1447(c).
14        Accordingly, the Court hereby REMANDS this case to the Sacramento Superior
15 Court for all future proceedings.  This Order resolves all pending motions.

        IT IS SO ORDERED.

Dated:  **April 28, 2025**

                                    /s/ Daniel J. Calabretta
                                    Hon. Daniel J. Calabretta
                                    UNITED STATES DISTRICT JUDGE

DJC6 – LAATZ25cv01201.ud